### SOMMER GUARD. v. WADE

Ohio Appeals, 4th Dist., Scioto Co.

Decided January 19, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**615. HUSBAND AND WIFE—997. Real Estate.**

1. Husband not entitled to have trust declared for his benefit in property deeded to wife, except on showing of contract to that effect.

2. Law does not imply such contract or declare resulting trust as result of relationship.

3. Presumption is that money of husband, going into such real estate, is intended as gift to wife.

**367. DEEDS.**

1. Law does not prescribe time when each part of deed must be written or completed.

2. If complete when delivered and alterations and additions made have been with knowledge and consent of grantors, even after deed is signed, but before delivered, deed is good.

Appeal from Common Pleas.

Decree for Plaintiff.

Edgar G. Miller, Portsmouth, for Sommer.

Arhtur H. Bannon, Portsmouth, for Wade.

STATEMENT OF FACTS

This action is here on appeal and is a suit to quiet title. Lavina R. Wade is the wife of the defendant, Henry G. Wade. It appears that, some time prior to 1925, Lavina R. Wade held the title, in fee simple, to the property described in the petition and that such property appeared in her name on the real estate records of this county. In the latter part of the year named, a series of transactions began between the defendant and his wife and Frank E. Bryan and Bessie Bryan his wife. Bryan had married a daughter of Wade by a former wife. In these transactions the property in question was conveyed to Bryan and his wife and re-conveyed by them several times. In January, 1927, the Bryans made a conveyance of said porperty to the defendant Henry C. Wade and his wife Lavina R. Wade, each to take an undivided one half interest therein. Prior, however, to that time and about August, 1926, the probate court of this county ordered a guardian appointed for the said Lavina R. Wade and three or four months later the plaintiff in this action was duly appointed and qualified.

OPINION OF COURT

The following is taken, verbatim, from the opinion.

MIDDLETON, PJ.

It is the contention of Henry C. Wade that this property was accumulated by the joint efforts of himself and his wife and that, in the various transactions which occured during their married life, he contributed some money to their enterprises, although at all times the title to all real estate which was involved in their business was taken and held in the name of Lavina R. Wade. He urges that the property described in the petition as a matter of fact belonged to both him and his wife and that he is entitled to have a trust declared in that property for his benefit.

The evidence before us is not sufficient to establish the trust he claims. There is nothing to show any contract, between the defendant and Lavina R. Wade, whereby he was to have any interest in the real estate which was conveyed to her by various parties and because of their relation, namely, husband and wife, the law does not imply that such a contract was made, or does it declare a resulting trust. Upon the contrary, by reason of their relation, the presumption is that whatever of his money and means went into this property, he intended his wife to have as a gift. Creed v. Bank, 1 OS. 1; Bernhardt v. Bernhardt, 7 C. C. (N. S.) 517.

There has been some controversy over the deed made on the 21st day of June, 1926. It seems, from the evidence, that when this deed was signed and exeruted by Mr. Wade it did not contain a description of the lands sought to be conveyed. The testimony of Mr. Millar, who prepared the deed and took the acknowledgement, is to the effect that at the time Wade signed the deed it was understood that a description of the land should be procured and at the same time that Wade should get a description of some other lands which were to be conveyed in another deed; that Wade procured such description of the lands last referred to and brought such description to Mr. Millar's office, at which time Millar called his attention to the fact that he, Millar, had inserted a description of the lands to be conveyed by the first deed, and that Wade thereupon assented to what had been done by Millar. We do not regard that deed as having any bearing whatever upon the ultimate rights of the parties to this suit, but inasmuch as it is claimed that the deed is wholly void we have investigated the authorities and are of the opinion that the deed is not void for the reason that there was no delivery thereof until after it was completed. The law is that if a deed is signed, sealed and delivered and a change such as is involved here is made in the deed, nothing can pass by it. But that rule does not go so far as to prescribe the time when every part of a deed must be written or completed. If the deed, when delivered, is a complete deed and alterations and additions made therein have been with the knowledge of the grantors and with their consent, even after they have signed the deed and before it is delivered, it is a good deed.

The finding must be in favor of the plaintiff and a decree may be entered in accordance with the finding.

(Mauck, J., concurs. Thomas, J., not participating.)